R. A. BARKLEY *v.* W. A. HANLAN.

1. CONTRACT.  *Consideration.  Case in judgment.*

The following instrument of writing, signed by B. and addressed to H., was sued upon by the latter:  "William Walker tells me that he owes you $80, and says he has not the money to pay you.  If he and his brother go with me, according to contract, I will pay the money as soon as they get to my place." This instrument does not, on its face, import any legal consideration, and the plaintiff's right to recover depends upon the establishment of some legal control by him of Walker's movements, or some agency in inducing the latter to go to the defendant's place, or some release of his debt against Walker, or some depreciation in the value of that debt by his forbearance to sue in consequence of the defendant's promise, or some other damage to himself; or that the defendant's assumption of the debt was made by Walker a part of the contract between the latter and the defendant.

2. PRACTICE.   *New trial.   Absence of a party.*
   Where, upon the trial of a case, the defendant and his witnesses being absent, a
     verdict is given for the plaintiff, and the defendant afterwards moves for a new
     trial, and sets forth by affidavit facts which, if true, would be a good defense
     to the action, and also shows, as the reason of his absence from the trial, that
     the plaintiff had induced him to believe that the action would be dismissed,
     in which belief he was confirmed by the fact that he had heard nothing of the
     case from his attorneys, the court should grant a new trial, notwithstanding
     the case is pending in the Circuit Court on an appeal taken by the defendant
     from a justice of the peace six years before, and he has taken no steps to
     dispose of it.

ERROR to the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

This action was commenced by W. A. Hanlan, the defend-
ant in error, in 1870, before a justice of the peace, and on Jan-
uary 9, 1871, he obtained judgment.   Barkley, the defendant
below, appealed to the Circuit Court, but the case was not
tried till the November court of 1877, and the defendant and
his witnesses were absent.   The court refused to have attach-
ments issued for the absent witnesses.   The jury returned a
verdict for the plaintiff.   The defendant moved for a new trial,
and, on the hearing of the motion, read in support thereof his
affidavit to the effect that on the trial before the justice of
the peace he offered to prove that the plaintiff had written
him a letter showing the indebtedness of Walker to the plaint-
iff to be $80, and that subsequently he wrote the letter to
Hanlan, agreeing to pay him that amount; that the justice
rejected this testimony because the defendant could not pro-
duce the plaintiff's letter, he being unable to find it at that
time; that soon after the trial he found the letter and showed
it to the plaintiff (who had sworn on the trial that he never
wrote such letter), and he said he had forgotten that he had
written it; and affiant said to him, " Now, you go and pay the
costs of that case, and dismiss it," to which the plaintiff
nodded assent; and that, although his attorneys say they
have written him about his case, he has never received a letter
from them till after the trial in the Circuit Court, and he had

believed that the case was dismissed. The motion was over-ruled, and the defendant sued out a writ of error.

*J. C. Prewett* and *Hudson & Hudson*, for the plaintiff in error.

1. The instrument sued on was a mere guaranty, if any-thing, and was utterly without consideration to the guarantor. A guaranty of a debt already contracted is not binding unless based on some sufficient consideration besides the mere giving of the original credit to the principal debtor. Barkley's en-gagement was a *nudum pactum*. Walker being a free man, it was not necessary for him to obtain the consent of Hanlan for him to change his employer, even if he did owe Hanlan. And it is only on this ground that it can be claimed that Hanlan suffered any loss or inconvenience on account of Barkley's taking Walker with him to the Day-break plantation. Hanlan did not pretend to show that he ever could have made the money out of Walker, if he had not relied on this supposed guaranty.

2. The defendant's affidavit in support of his motion for a new trial shows why he was not present at the trial. He sup-posed that the case had been long since dismissed. He had received an intimation from Hanlan that the case would be dis-missed, and, although his attorneys had written to him on the subject, he had received none of their letters. These facts were before the court when the motion for a new trial was heard, and should, along with the other grounds of the motion, have induced the court to grant the motion.

*D. Jones*, for the defendant in error.

1. It is not error to refuse instructions not applicable to the evidence. *Newman* v. *Foster*, 3 How. 383; *Loving* v. *Willis*, 4 How. 383. Instructions must be applicable to the evidence, and to the questions raised by it; and if not, they should be refused, though they may be correct as abstract propositions of law. *O'Kelly* v. *Hendricks*, 2 Smed. & M. 388; *Wright* v. *Clark*, 5 Ga. 116; *Fairley* v. *Fairley*, 9 Ga. 280. Hypo-thetical instructions having no proof to support them should

not be given. *Dix* v. *Brown*, 41 Miss. 131 ; *Garnett* v. *Kirk-wood*, 4 Ga. 389 ; *Clark* v. *Edwards*, 44 Miss. 778.

2. The affidavit of the plaintiff in error for a new trial is entitled to no weight, first, because it is wholly *ex parte*, without any opportunity to cross-examine or take rebutting proof; second, because the record shows that he was guilty of gross negligence, having appealed his case from the Justice's Court on January 9, 1871, and the trial not coming on till November term of court, 1877 ; third, because it is improbable upon its face.

CHALMERS, J., delivered the opinion of the court.

The plaintiff sued the defendant on the following instrument :

"SABARTIA, *Dec. 28, 1866.*

" *Dr. William H. Hanlan:*

" DEAR SIR: The boy William Walker tells me that he owes you some eighty dollars, and says that he has not got the money to pay you. If he and his brother go up with me according to contract, I will pay you the money through Howard & Johnson, as soon as they get up to my place.

" Very respectfully,

" R. A. BARKLEY."

The plaintiff, having made proof that William Walker, at the time of the writing of this letter, was indebted to him, and that said Walker and his brother did thereafter go to the plantation of the defendant and labor there, had judgment. Was the *assumpsit* contained in the letter void for want of a consideration? Ordinarily, a consideration which will support a contract must consist of a benefit to him who makes the promise, or a loss to him to whom it is made, if it be unperformed. Both of these considerations may have existed in this case, though neither of them is perhaps very clearly shown. If, in consequence of the promise by the defendant, the plaintiff released any claim upon, or forbore to assert, his demand

against Walker, so as thereby to have sustained loss, either by the running of the statute of limitations, or by any change in Walker's pecuniary condition, this would afford a sufficient consideration to support the promise. The same result would follow if Walker was at the time, under a valid contract to labor for the plaintiff, from which the latter released him, in consequence of the defendant's assumption. The plaintiff testified that when the defendant's letter was handed him by Walker, the latter was indebted to him in the sum of $160, and handed him with the letter the sum of $80 in cash. Thereupon he remarked to Walker : "It is all right ; I will take this for the balance." We do not think this, of itself (and there was no other testimony upon this point), sufficiently shows the giving up of anything by the plaintiff, to constitute a consideration for the promise made by defendant. It shows neither a valid promise to forbear suit, nor an actual forbearance in bringing one against Walker. It suggests no legal claim, which the plaintiff had to control Walker's movements, nor any change in his condition which rendered the debt less valuable, or the remedy more uncertain.

On the other hand the consideration of benefit to the defendant was that Walker and his brother would go to his plantation, but it is evident that this would not support a promise to the plaintiff unless Walker himself had stipulated that his going should inure to the plaintiff's benefit. A voluntary promise by the defendant to pay a sum of money to the plaintiff, if Walker would do a certain thing, which the plaintiff had neither the power nor the will to control, and in the promotion of which he took no step, would be a *nudum pactum.* But Walker had a perfect right to make his going dependent upon the defendant's assumption of his debt to plaintiff; and if such assumption formed any part of the contract between him and the defendant, this would constitute a sufficient consideration to support the promise made directly to the plaintiff.

There is no direct testimony in the record looking to such a

state of things, though the jury probably inferred, from the fact that Walker carried and delivered the letter to the plaintiff, that it had been written at his instance and request. A joint arrangement between the three, by which the defendant assumed to pay Walker's debt to the plaintiff, would have been obligatory ; and, as before remarked, the defendant's promise to pay the debt, made directly to plaintiff, in consideration that Walker would labor for him (defendant), would be enforceable, if this was a part of the contract with Walker, even though the plaintiff was ignorant of the negotiation until consummated by the promise to himself. While no legal consideration for the promise is deducible from the face of the paper, and while the parol testimony in support of it is scanty and insufficient, there was no error in refusing to grant the second instruction asked by the defendant, because that instruction limited the benefit to the defendant to one to be derived from the plaintiff, excluding the idea that the benefit of Walker's labor was sufficient if the payment to the plaintiff formed a part of the contract with the laborer.

The plaintiff's right to recover depends upon the establishment of some legal control by him of Walker's movements, or some agency in inducing the latter to go to the defendant, or some release of his debt against Walker, or some depreciation in the value of that debt by reason of his forbearance to sue, in consequence of the defendant's promise. If none of these things, nor any other damage to himself, can be shown, then he must prove that the defendant's assumption of the debt due himself was made by Walker a part of the contract entered into between the latter and the defendant. A contract by A to pay B a sum of money if C will do a certain thing, is void where C has not made such payment a part of his contract, and where no consideration has passed between A and B.

We think that the defendant's motion for a new trial should have been granted upon the affidavit filed. If true, the affidavit set forth a good defense ; and, while there had been great remissness on the defendant's part in attending to his case,

this would seem, from the affidavit, to have been caused by his reliance upon the plaintiff's promise that the suit should be dismissed. The unusual delay in pressing it to trial affords some corroboration of the truth of the defendant's statement in this regard.

Judgment reversed and new trial awarded.